### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1825, IN THE TENTH YEAR OF
THE STATE.

---

## ARMSTRONG *v.* JACKSON, on the Demise of ELLIOTT.

The statute for the relief of occupying claimants of land provides, that where the occupant in certain cases is willing to pay the value of the land without the improvements, the successful claimant shall not be entitled to possession until he pays the occupant for the improvements: *Held*, that this provision is not unconstitutional.

The statute also provides, that the value of the improvements, and of the land without the improvements, shall be assessed by three persons to be appointed by the Court. *Held*, that this part of the statute is unconstitutional and void: the assessment must be made by a jury.

*Tuesday,*
*November 8.*

APPEAL from the *Dearborn* Circuit Court.

HOLMAN, J.—*Elliott's* lessee obtained a judgment in eject-ment against *Armstrong* for a house and lot in *Lawrenceburgh.* On the motion of *Armstrong*, three commissioners were appointed, agreeably to the second section of the act for the relief of occupying claimants of land, who reported the value of the improvements to be 5,000 dollars, and the value of the lot without the improvements to be 400 dollars. This report was set aside, on the ground that the occupying claimant law is unconstitutional, and an habere facias possessionem awarded. *Armstrong* appealed.

By the first section of this act, if the bona fide occupant is willing to pay the value of the land without the improvements, the successful claimant shall not obtain the possession until he pays the value of the improvements made by the occupant. We

do not perceive the force of any of the objections that have been urged against this part of the act. We see no provision of the constitution that is violated by it. It cannot be contended that it is unconstitutional for the successful claimant to be compelled to pay the occupant for his improvements, nor can we discover the unconstitutionality of the occupant's retaining possession of the land he has improved, until such payment is made. The legislature might have given the occupant an action against the successful claimant for the value of his improvements, and a lien upon the premises improved until such value was paid; and why may they not give this mode of recovering the value at the conclusion of the action of ejectment, and make the payment thereof a condition precedent to the recovery of possession? Laches in demanding a right for a certain time, may be considered either as an abandonment or as a fraud; and it is generally admitted that statutes of limitation may be enacted barring the recovery of lands and tenements, after a given time of adverse possession; and the length of that time is wholly at the will of the legislature. To make valuable and lasting improvements requires time, and, when made by an adverse possessor, they manifest laches on the part of the real owner; and we see nothing in the constitution to prevent the legislature from declaring the lapse of time, necessary for making such improvements, an absolute bar to a recovery: hence they may certainly make it a conditional one. They may say that if the real owner neglects to assert his right until the bona fide occupant makes valuable improvements, he shall not obtain the possession until he has paid for those improvements; but here he is not laid under this condition, unless the occupant is willing to pay him all that is really his own—the value of the land without the improvements. In the case of *Green* v. *Biddle*, 8 Wheat. 1, the Supreme Court of the *United States* declared the occupying claimant law of *Kentucky* to be unconstitutional, because it impaired the compact between that state and *Virginia*. But the case is not applicable. We have no such compact.

There is another feature of this act which we approach with great reluctance; and that is, the assessment of the value of the improvements, and of the land without the improvements, by three commissioners. This provision, contained in the 2d section of the act, cannot be reconciled to that clause in the 5th section of the 1st article of the constitution that secures the right

of trial by jury, where the value in controversy exceeds 20 dol-lars. Where facts are to be found, or the value of property assessed, the matter must be determined in accordance with this clause in the constitution. The legislature may altogether withhold a remedy, after a certain time, but if they give one it must be a constitutional one. Were it otherwise, this constitutional right of trial by our peers might soon be destroyed. The legislature might say, the creditor should not recover his debt unless the amount due was determined by a board of commissioners; or, in cases of mutual dealing, the plaintiff should not recover unless the defendant's demands against him, to be determined by three commissioners, were first deducted. But it is unnecessary to multiply suppositions. The right of trial by jury, in all cases within this clause of the constitution, must remain inviolate. We therefore conclude, that that part of the act authorizing the appointment of three commissioners to assess the value of the improvements, or of the land without the improvements, is unconstitutional and void. The Circuit Court therefore acted correctly in setting aside the report of the commissioners.

But the unconstitutionality of the prescribed mode of ascertaining the value of the improvements, does not affect the right of the occupant. His right to the value of the improvements, provided he is willing to pay the value of the land without the improvements, remains guarantied by that part of the act to which there can be no objection. The act remains as if the legislature had omitted to prescribe the mode of ascertaining the value either of the improvements or of the land without them. And if no mode had been prescribed, the Circuit Court would not have hesitated about the proper mode of ascertaining the value. The constitutional mode of determining all controverted matters of fact would have been pursued. A jury would have been impannelled, and the necessary evidence laid before them, as in ordinary cases. And here the same course should have been pursued as if no mode had been prescribed. If any difficulty should arise, in bringing the evidence fairly before the jury, it should be attributed to the peculiar nature of the case. But be the difficulty as it may, the act is positive that the occupant shall not be evicted until he is paid the value of the improvements, provided he is willing to pay the value of the land without the improvements; consequently, the Circuit Court err-

ed in awarding an habere facias possessionem before the value in each case was determined. The judgment must be reversed; but as the first erroneous proceeding, the appointment of commissioners, was at the instance of the appellant, the reversal must be at his cost (1).

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the judgment in ejectment are set aside, at the costs of the appellant. Cause remanded for further proceedings, &c.

*Lane*, for the appellant.

*Caswell* and *Dunn*, for the appellee.

(1) On the subject of this case, recognizing the validity of a part of the occupant law, vide 2 Amer. Jurist, 294—313.—*The Society, &c.* v. *Wheeler*, 2 Gall. 105.—*Bank of Hamilton* v. *Dudley's lessee*, 2 Peters, 492. In requiring the damages to be assessed by a jury, the Court is sustained by the last-cited case. The occupant law of *Ohio* provides, that the value of the improvements shall be assessed by commissioners. In the District Court there, the defendant in ejectment, after a verdict against him, moved for the appointment of commissioners to value the improvements. The motion was overruled, and the plaintiff had judgment. In error, the Supreme Court of the *United States*, inter alia, says: "The 7th amendment to the constitution of the *United States* declares, that 'in suits at common law, where the value in controversy shall exceed 20 dollars, the right of trial by jury shall be preserved.' This is a suit at common law, and the value in controversy exceeds 20 dollars. The controversy is not confined to the question of title. The compensation for improvements is an important part of it, and if that is to be determined at common law, it must be submitted to a jury." The judgment of the District Court was affirmed. *Bank of Hamilton* v. *Dudley's lessee*, supra.

The 2d section of the occupant law, referred to in the text, is now repealed, and a provision made for the assessment of the value of the improvements by a jury. Stat. 1829, p. 101.