PACQUETTE and another vs. PICKNESS.

Sections 31, 32, and 33, ch. 141, R. S., which provide that in certain cases persons against whom judgments are rendered in ejectment, may recover the value of permanent and valuable improvements made by them on the land, are valid.

The damages which the plaintiff in ejectment is entitled to recover in *that* action, "for the unlawful withholding of the premises" (secs. 13 and 15, ch. 141, R. S.), include only the rents and profits, and not damages for injuries done to the premises.

The defendant against whom judgment is rendered in ejectment is entitled to recover for his improvements only the amount which they have added to the value of the land; and testimony should be admitted on the trial of that issue showing the value of the improvements, the value of the land *without* the improvements, its value with the improvements, and all facts tending to prove what its value would have been if the improvements had never been made.

On the trial of the issue made by the claim to the value of such improvements, the plaintiff in the ejectment suit is entitled to recover for the use of the premises, exclusive of the improvements, from the time the judgment in ejectment was rendered; and where his answer to the complaint of the opposite party for improvements does not contain the proper allegations as to the value of such use, he should be allowed to amend, on terms, at the trial.

ERROR to the Circuit Court for *Dane* County.

In January, 1859, *Moses* and *Therese Pacquette* recovered a judgment of ejectment against *Christian Pickness* for a quarter section of land in said county. In May of the same year, *Pickness* filed a claim for improvements made by him on said land, under sec. 31, ch. 141, R. S. An issue was made up between the parties, by direction of the court, *Pickness*, as

plaintiff therein, claiming to have made permanent and valuable improvements on the premises, in good faith, to the value of $2,400, before the action of ejectment was commenced, while holding title by deed from Alfred Bronson as administrator *de bonis non* of Pierre 'Pacquette, deceased. (See *Sitzman v. Pacquette*, 13 Wis., 291.) The defendants denied generally. On the trial, which was held in November, 1861, the plaintiff, *Pickness*, read in evidence a deed from said Brunson, as administrator &c., to one Shey, and from Shey to himself, the latter dated April 29, 1852; and also introduced evidence as to the value of his improvements. His evidence showed that when he went upon the land it was heavily timbered, and that he had cleared a considerable part of it. The defendants introduced evidence as to the value of said improvements, and asked several of their witnesses how much more the farm was worth in consequence of the improvements than it would be with the timber standing on it; but the question was ruled out. The court also ruled out evidence as to the value of the rental of the land since the date of the judgment in ejectment, and refused leave to amend the answer by inserting allegations as to the value of such rental. It also refused to instruct the jury at the request of the defendants, 1. That if the land in question was wild land when plaintiff moved on to it, he could not recover for clearing it. 2. That the defendants were entitled to rent since the recovery in ejectment, as an offset to the value of the improvements. 3. That in estimating the value of the improvements, the jury might take into consideration the value of the timber standing on the land at the time plaintiff went into possession. The court instructed the jury, among other things, as follows: "1. The rule to be observed in determining the value of the improvements is, what are they reasonably worth? How much the value of the land in the market is enhanced by them, is not the proper rule. 2. The value of the rents and profits of the premises since the judgment in ejectment was entered, is not to be considered by you

as an offset against the value of the improvements." Verdict and judgment in favor of the plaintiff, *Pickness*, for $1600 ; and the defendants brought this action to reverse the judgment.

*J. C. Ford*, for plaintiffs in error, argued that the "Improvement Act," so called, of this state is in conflict with sec. 10, Art. 1, of the constitution of the United States, and sec. 9, Art. 1 of the constitution of this state. The act makes no provision for the separate valuation of the land and the improvements, giving the owner the privilege of taking the assessed valuation of the land, as is the case in almost every state, if not every one, where betterment laws exist. It makes no discrimination in the case of infants, lunatics or married women. It does not purport to be a *limitation law*, requiring the owner, if he delays bringing his action of ejectment for a certain period, to pay for the improvements as a condition of escaping from the bar of the statute. It requires of the grantee of land from the state, that in order to have the benefit of his grant, and to be able to enforce the decree of the court determining his rights, he shall pay for the justice which he gets, and instead of giving him the property he contracted for, with the right of reducing it to possession, requires him either to abandon it altogether, or to buy another claim which he never contracted for, or assented to, and which he may be utterly unable to pay for. Thus it provides for taking from him his property and giving it to another, without compensation. 2 Kent, § 334; *Dowd v. Faucett*, 4 Dev. (N. C.), 92 ; *Green v. Biddle*, 8 Wheat., 1 ; *Nelson v. Allen*, 1 Yerg., 360 ; 4 Peters, 101 ; *Von Baumbach v. Bade*, 9 Wis., 559 ; *Bronson v. Kinzie*, 1 How. (U. S.), 311 ; *Mc Cracken v. Hayward*, 2 id., 608 ; *Planters' Bank v. Sharp*, 6 id., 301 ; *Calder v. Bull*, 3 Dall., 386. 2. Counsel contended that if the law is valid, the defendant in ejectment is entitled to recover only the increase in the value of the premises caused by the improvements, all decrease in the value caused by cutting the timber, exhaustion

of the soil, &c., to be taken into the account.  3. The plaintiffs in error were entitled to payment for the use of the land from the date of the judgment in ejectment.

*Hopkins & Foote*, for defendant in error, contended that the right to recover for specific improvements under the statute does not depend upon the question whether the *whole farm* has been enhanced in value by it; but the claimant is entitled to recover what he has in good faith expended.  In determining the question of good faith, it is proper to take into account the character of the improvement, to see whether it is of a proper and useful kind, such as a settler, believing that he owned the land, would naturally make, or whether it was fanciful and unnecessary work.  If it appears to be of a useful and proper character, he should be paid what the *improvement itself* is worth.  2. Under the statute, secs. 30 and 31, ch. 141, R. S., the defendant in ejectment, after judgment in favor of the plaintiff, is entitled to retain possession, *rent free*, until payment of the adjudged value of his improvements.

*By the Court*, DOWNER, J.   The errors assigned in this case are :  1st. That the "Improvement Act," so called, is unconstitutional.  2d.  That the circuit court excluded evidence tending to show what the value of the lands recovered by the plaintiffs in error in the ejectment suit was and would have been without the improvements made thereon by the defendant in error, and what was their value with the improvements. 3d. That the circuit court refused to permit the plaintiffs in error, defendants below, to amend their answer, so as to set up as a counter-claim the use of the premises after the recovery in the action of ejectment.

We are of opinion that the "Improvement Act," so called, is constitutional.  It is based upon the broad principles of equity, and, if properly administered, will give to each party his rights.  Similar acts have been in force in many of the states for more than half a century, and have been so uniformly

held constitutional that we consider ourselves bound by the great weight of authority in their favor. The following are some of the cases in which such laws have been held constitutional : *Armstrong v. Jackson*, 1 Blackf., 374 ; *Ross v. Irving*, 14 Ill., 171 ; *Jones v. Carter*, 12 Mass., 314 ; *Kent v. Mc Mahon*, 5 Ohio, 79 ; *Fowler v. Halbert*, 4 Bibb, 52 ; *Davis v. Powell*, 13 Ohio, 308 ; *Lamore v. Winter*, 13 Ala., 31 ; *Bright v. Boyd*, 2 Story, 607 ; *Scott v. Mather*, 14 Texas, 235.

The second point presents a question of some difficulty. The statutes of many of the states provide that the same jury which assesses the value of the improvements, hall also assess the damages to the lands from waste and cultivation, and that the latter shall be offset against the former. Has our statute made any provision as to waste, or is the party left to his common law remedy ? Chap. 141, sec. 13, R. S., provides " that the plaintiff in any action for the recovery of real property, or of the possession, shall also be entitled in the same action to recover damages for the rents and profits of the premises recovered, during the time the same are unlawfully withheld." And by sec. 15, "the same jury shall assess the plaintiff's damages for the unlawful withholding of the premises, including the mesne profits received by the defendant, in cases where the plaintiff is entitled to recover such mesne profits." What damages or mesne profits are to be recovered under these provisions ? Are they the same as in actions of trespass for mesne profits at common law ? At common law, in such actions, the plaintiff could recover not only the rents and profits but for all damages done to the premises, and in some instances smart money. It may be true that the defendant in ejectment has cut much valuable timber on the land recovered, as the plaintiffs in error offered to prove, and in other ways injured it much ; that his improvements are many of them really what would be waste at common law ; yet if the plaintiff in ejectment had a right in that action to recover for all these trespasses and damages, the presumption is that he did recover

for them in that action, or if not, he is barred from so doing, and cannot recover them in this, or be allowed for them as an offset to or in reduction of the value of the improvements. But if he had not the right in the action of ejectment to recover those damages, and was confined to the rents and profits of the premises, then we see no reason why trespasses and acts done to the lands making them of less value, should not be taken into account in this action. In actions for trespass for mesne profits at common law, the plaintiff cannot recover for injuries done to the premises by the defendant, unless they are specially alleged. Section 4 of the chapter aforesaid prescribes the substance of the complaint in real actions, and seems to us not to contemplate any allegations of special damages. We think, therefore, the damages recoverable in actions for the recovery of real estate are confined to the rents and profits. Similar statutes have received the same construction by other courts. *Walker v. Hitchcock*, 19 Vt., 637 ; *Leland v. Tousey*, 6 Hill, 328. These cases also are to the effect that a separate action can be maintained for injuries to the real estate.

The words " valuable and permanent improvements," as used in the act under the provisions of which the plaintiff below recovered, must have reference to the purposes for which the lands are or may be used: If the lands are farming lands, they must be improvements which enhance the value of the land for farming purposes—which enhance the value of the land as a whole. If in making the improvements valuable timber is destroyed, and the value of the lands thus made less, this should be taken into account in estimating the value of the improvements ; especially when, as in this case, a part of the improvements for which the plaintiff below sought to recover, are claimed to have been made in clearing these very timbered lands. If the cutting of this timber and clearing the lands was an injury rather than a benefit to the premises,

it seems to us the plaintiffs in error should have been permitted to prove it.

We are of opinion that testimony should be admitted showing the value of the improvements, the value of the land without the improvements, the value of the land *with* the improvements, and also that all facts may be admitted as evidence tending to prove what the value of the land would have been if the improvements had never been made; all to the end that the plaintiff may recover for his improvements the amount they have added to the value of the land, and nothing more. This is equity, and according to the spirit and letter of the statute.

As to the third point, we are of opinion that the plaintiffs in error have a right to recover for the use of the premises exclusive of the improvements, from the time of the rendition of the judgment in ejectment to the time of the recovery by the defendant in error for his improvements, and that the court below ought, on proper terms, to permit the answer to be amended so as to set up this claim.

The judgment of the circuit court is reversed, with costs, and a *venire de novo* awarded.