## COMMONWEALTH vs. PHILIP P. CONNEALLY.

An indictment on the Gen. Sts. c. 87, §§ 6, 7, charging that the defendant did keep and maintain a tenement used for the illegal sale and illegal keeping of intoxicating liquors, is sufficient, without more particularly describing the liquors, and without an express averment that they were not such as it was lawful to keep and sell; and is supported by proof that he kept the tenement, and either kept therein intoxicating liquors for illegal sale, or illegally sold intoxicating liquors therein.

An indictment for keeping a tenement in the basement of a building, for the illegal sale and illegal keeping of intoxicating liquors, is sustained by evidence that the tenement was kept as a "saloon;" that in it were a counter and a beer-pump, and bottles and tumblers, some of which had recently contained whiskey; that intoxicating liquors were found in it, and in the story above it, where the defendant lived; and that the defendant admitted that he had sold liquors.

INDICTMENT on the Gen. Sts. c. 87, §§ 6, 7, charging that the defendant "did keep and maintain a certain tenement" in Brookline, "used for the illegal sale and illegal keeping of intoxicating liquors," whereby, and by force of the statute, the tenement was a common nuisance.

At the trial in the superior court for Norfolk, before *Wilkinson*, J., the defendant, before the jury were empanelled, moved to quash the indictment, because it did not charge that the intoxicating liquors were not other than ale, porter, strong beer or lager beer, or describe their kind, and because the acts alleged to have been committed by the defendant did not in law constitute any crime; and the judge overruled the motion.

The Commonwealth introduced evidence that two officers made a seizure of intoxicating liquors, among which were brandy, gin and whiskey, in a building the basement of which was "the place used as a saloon and for the alleged illegal sale and keeping of intoxicating liquors;" that a few bottles containing liquor were found in a drawer in this saloon, but most of the liquor was found in the second story, where the defendant and his family lived that in the basement were a counter, a beer-pump, and some bottles and tumblers which appeared to have had whiskey in them recently; and that in a conversation with an officer the defendant said that he had sold liquors. There was no other evidence of any sale having been made upon the premises.

The defendant requested the judge to rule, " 1. that proof of keeping the place for the mere purpose of making illegal sales, without proof of an actual illegal keeping for sale of intoxicating liquors, was not sufficient ; " and " 2. that the evidence ntroduced by the Commonwealth that there were a counter, a beer-pump, and bottles and tumblers, in the place, was not, under existing laws, *primâ facie* evidence that the place was a tenement used for the illegal sale and keeping for sale of intoxicating liquors."

As to the first prayer, the judge ruled " that, in order to convict the defendant, the jury must be satisfied, from the evidence, that he kept the tenement described in the indictment, and actually kept therein intoxicating liquors for illegal sale, or sold therein intoxicating liquors illegally." As to the second prayer, the judge ruled that the evidence therein referred to was not *primâ facie* evidence, but was some evidence of the fact.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. W. Mahan,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

BY THE COURT. 1. The indictment was sufficient, within many decisions. *Commonwealth* v. *Kelly,* 12 Gray, 175. *Commonwealth* v. *Edds,* 14 Gray, 406. *Commonwealth* v. *Bennett, ante,* 27.

2. The evidence that in the tenement, for keeping which the defendant was indicted, were a counter, beer-pump, bottles, and tumblers, in some of which were indications that they had recently contained whiskey, was competent, and, taken in connection with the evidence that the tenement was used as " a saloon," that spirituous liquors, including brandy, gin and whiskey were found in that tenement, and in the story above, where the defendant and his family lived, and with the admission of the defendant that he had sold liquors, sufficient evidence that the tenement was kept for the illegal sale and illegal keeping of intoxicating liquors.

3. The jury were rightly instructed that the indictment would be supported by evidence that the defendant kept the tenement

described in the indictment, and either kept therein intoxicating liquors for illegal sale, or illegally sold intoxicating liquors therein *Commonwealth* v. *Welsh*, 1 Allen, 1. *Commonwealth* v. *Farrand*, 12 Gray, 177. *Commonwealth* v. *Ryan*, *ante*, 415. *Commonwealth* v. *Doe*, *ante*, 418.                    *Exceptions overruled.*