## Davis vs. Louk.

*Pleadings—Set-offs for Improvements in Ejectment—Counter-claim for Rents and Profits.*

1. Where a complaint avers that plaintiff has paid taxes upon certain lands, of which defendant was bound to pay a certain part, and demands judgment for such part, a denial of knowledge or information sufficient to form a belief as to such payment, is sufficient; since the public records do not show *by whom* taxes are paid.

2. In ejectment by one of two tenants in common against his co-tenant (as in other cases), defendant may set off the value of permanent improvements made by him to the amount of plaintiff's claim for mesne profits. Ch. 141, R. S.

3. Where defendant in ejectment sets off therein the value of his improvements, and the claim is adjudicated, the judgment is conclusive as to their value in a subsequent action by him to recover for such improvements, etc.

4. Plaintiff in ejectment can recover in that action rents and profits for only six years preceding its commencement (R. S., ch. 141, sec. 13); but in an action against him for improvements made prior to that period, he may counter-claim for rents and profits prior to the same period. And this rule applies to suits between tenants in common as well as to others.

5. In such subsequent action the defendant may also counter-claim: (1.) The balance adjudged due him for rents and profits, and costs, in the ejectment suit. (2.) The value of plaintiff's use of the premises (exclusive of the improvements) *since* the judgment in ejectment. (*Pacquette v. Pickness*, 19 Wis., 219.)

APPEAL from the Circuit Court for *Dane* County.

Plaintiff sued for the value of his improvements upon land which had been recovered from him by defendant in an action of ejectment, the parties being tenants in common of the premises. The answer alleged several defenses and counter-claims, and plaintiff demurred both generally and specially thereto. The defenses specially demurred to were, 1st, a denial upon information and belief of the payment of taxes by plaintiff; and, 2d, a plea in bar of a former recovery by plaintiff for the improvements in question. The counter-claims demurred to were, 1st, rents and profits of the premises for four years prior to the time for which defendant recovered in ejectment; 2d, the judgment for rents and profits recovered in the ejectment suit; 3d, rents and profits accruing subsequent to the judgment in ejectment. The demurrer to the answer was overruled, and plaintiff appealed.

*Welch & Botkin* (with *Orton, Keyes & Chynoweth*, of counsel), for appellant, argued, among other things, this being an action of ejectment between tenants in common, the adjudication could go no further than the mere question of title, and the right of plaintiff to a joint possession with defendant. The defendant might charge the joint estate with the taxes and other incumbrances paid by him, and with the value of proper and permanent improvements made by him for the common benefit, regardless of whether he had notice of plaintiff's interest in the

estate. 1 Wash. Real Property, 557; *Challefoux v. Ducharm,*
8 Wis., 304; *Taylor v. Cox,* 2 B. Mon., 429.   The defendant in
such case is not chargeable with rents and profits, or for use and
occupation, until such an ouster as would amount to a trespass,
or until demand and refusal to permit the plaintiff to enter into
joint possession, or to make partition, and in no case for a
longer period than that allowed by law to proceed by such
action.   Revised Statutes, chap. 89 sec. 38; 1 Wash. Real
Property, 568, 569; *Martyn v. Knowllys,* 8 Term, 146; *Hyd ev.
Stone,* 9 Cow., 230; *Gilbert v. Dickerson,* 7 Wend., 449; *Farr v.
Smith,* 9 Wend., 338; *Bennett v. Bullock,* 35 Pa. St., 367; *Kiessel v. Earnest,* 21 Pa. St., 90; *Calhoun v. Curtis,* 4 Met., 413;
*Hannan v. Osborn,* 4 Paige Ch., 336; *Hill v. Meyers,* 46 Pa.
St., 15.

*Stevens, Flower & Morris,* for respondent, to the point that
the owner of land of whom compensation for improvements is
claimed, is entitled to set off all rents and profits accruing during
the time the improvements were being made, cited *Parsons v.
Moses,* 16 Iowa, 440; *Whiting's Heirs v. Taylor's Heirs,* 8 Dana,
403, 9 Dana, 399.   To the point that the former judgment for
rents and profits was a proper subject of counter-claim, counsel
cited General Laws 1859, Ch. 154; *Akerly v. Vilas,* 21 Wis.,
377; *Parsons v. Moses, supra.*   Defendant was also entitled to
recover for the use of the premises exclusive of improvements,
from the date of the rendition of the judgment in ejectment in
her favor, to the time of plaintiff's recovery for his improvements.   *Parsons v. Moses, supra* ; *Pacquette v. Pickness,* 19 Wis.,
219.

COLE, J.   In his complaint the plaintiff alleges, among
other things, that he has paid, since the date of his purchase of
the land therein mentioned, taxes which have been assessed
against it to the amount of $410.90, one fifth of which with interest, he claims the defendant should pay.   In respect to this
claim the defendant answers, whether the plaintiff has paid the

Davis vs. Louk.

taxes upon the land and the amount paid she has no knowledge or information sufficient to form a belief, and therefore denies the same. The special demurrer to this form of denial, is that it is evasive and insufficient. It is said that the defendant should ascertain by an examination of the records, whether the plaintiff had paid the taxes or not, and therefore that she should either admit or specifically deny the allegation in the complaint.

We think, however, this form of denial was permissible if the defendant had no actual knowledge upon the subject. If the defendant had the means of information at hand so that she could ascertain without difficulty whether the plaintiff had paid the taxes, and the amount paid, there would be force in the objection that the answer was insufficient. But we cannot assume that this is the case. The records doubtless will show whether the taxes were paid or not, but we do not understand that they will necessarily show by whom they were paid. The receipts given by the public officers are the most satisfactory evidence of those facts, and if they are in possession of the plaintiff, as they doubtless are, if he paid the taxes, there can be no hardship in requiring him to produce them in support of his claim. At all events, we cannot assume that the defendant is wilfully ignorant upon the subject, or has sources of information within her reach so as to make the form of denial in the answers evasive and insufficient.

The next portion of the answer demurred to is that which sets up a former recovery for the value of the permanent improvements. It appears from both the complaint and answer, that there has been an ejectment suit between these parties in respect to these lands, in and by which the defendant herein recovered an undivided one-fifth part. And it is alleged in the portion of the answer demurred to, that the plaintiff herein claimed the right in the ejectment suit to set off the value of the permanent improvements which he had made upon the land, against the claim for damages and mesne profits, and that this

claim of the plaintiff was finally adjudicated in that action, and that the plaintiff is wholly barred from maintaining any further action in relation thereto. The doctrine as to the conclusiveness of a former suit in respect to the same claim, and between the same parties, is too well settled to admit of discussion. If in the ejectment suit between the parties the plaintiff's claim for permanent improvements was actually adjudicated and determined, we cannot see why it is not a bar to a subsequent suit for the same claim. If we correctly understand the argument of the counsel for the plaintiff, he insisted that this familiar and well-settled rule of law was inapplicable, for the reason that, as the action of ejectment was between tenants in common, the adjudication in that action would not properly go beyond the mere question of title, and the right of the plaintiff to a joint possession with the defendant in the premises. Where there is an actual ouster by one tenant in common of his cotenant, or where he does an act amounting to a total denial of the right of such co-tenant, the action of ejectment may be brought by the tenant ousted from the possession. And in that action the defendant has the right to set off permanent improvements made on the premises, to the amount of the plaintiff's claim for mesne profits and rents as in other cases. This is plain, from the provisions of chapter 141, R. S. And as the plaintiff herein set off his claim for improvements in the ejectment suit, and recovered judgment for it, that adjudication is clearly binding upon him until reversed or set aside.

The next portion of the answer specially demurred to, is that which sets up, by way of counter-claim, the defendant's share of the rents and profits for a period of four years prior to the time for which she was permitted to recover in the ejectment suit; that is, for the years 1859 to 1862 inclusive.

In support of the demurrer, it is insisted, that the plaintiff was not chargeable with the rents and profits until he had actually ousted the defendant from the possession, under a claim of an exclusive right of possession, and in no case for a

longer period than six years. And the first question which arises is, whether it appears that the plaintiff was in the exclusive possession from the year 1859 up to the year 1862, so as to be justly chargeable for use and occupation for that time? The answer alleges that the plaintiff entered into the possession of the premises in the month of March, 1859, and remained in the actual possession, receiving all the rents and profits from and including the year 1862, and which is prior to the time for which she recovered rents and profits in the ejectment suit. The complaint avers that the plaintiff claimed title to the premises in fee simple under a deed of conveyance executed and delivered to him by the persons therein named, on the 3d of March, 1859 ; that the title was in these persons; that he purchased in good faith without any knowledge or notice of the claim of the defendant; and "that immediately on the delivery of the said deed, he took possession of said premises, and thereupon, in good faith, and without knowledge or notice of the claim of the defendant or of any other person, and before the commencement of the said action of ejectment, made valuable permanent improvements," etc.

These allegations of the complaint, when considered in connection with the statements in the answer, fully warrant the assumption that from March, 1859, the plaintiff has been in the actual and exclusive possession of the premises, claiming to own them in fee simple, exclusive of any other right or claim whatever. This is evidence of actual ouster of the defendant from that time. And this being so, the further question arises, is the defendant permitted to set up by way of counter-claim such antecedent rents and profits to the plaintiff's claim for improvements and taxes? In the ejectment suit the defendant was limited in her recovery to such rents and profits as accrued within six years next preceding the commencement of that action. Section 13, chap. 141. And the question is, does this limitation apply to this counter-claim, or is the claim for use and occupation co-extensive in point of time with the claim for improve-

ments? We have come to the conclusion that the rents and profits anterior to 1863, are not barred by the recovery of rents and profits for six years in the ejectment suit, and that the value of the use and occupation for the period prior to 1863, may and should be applied in payment of the permanent improvements made during the same period. This, in effect, is the conclusion arrived at by the court of appeals of Kentucky, in the case of *Taylor's Heirs vs. Whiting's Heirs*, 9 Dana, 399; and by the supreme court of Iowa, in *Parsons vs. Moses*, 16 Iowa, 440, and the conclusion rests upon the strongest principles of equity and justice. This court, in *Pacquette vs. Pickness*, 19 Wis., 219, sustained the validity of the "Improvement Act." In the language of Mr. Justice Downer, in that case, the law "is based upon the broad principles of equity, and, if properly administered, will give to each party his rights." The plaintiff in the present case invokes the aid of these equitable principles, and demands that the defendant refund to him her share of the beneficial improvements which he has made upon the common estate. It is equitable and right that he should have pay for these improvements and ameliorations, and it is equally just and equitable that whatever rents and profits he received before 1863, should be set off against his claim. This is clearly equitable and perfectly consistent with the uniform practice of courts of equity (see *Blodgett et al. vs. Hill*, 29 Wis.,) and we do not think there is anything in our statute which prevents such an adjustment of the rights of the parties.

It was suggested on the argument, by the counsel for the plaintiff, that the doctrine of those cases cannot apply to a case arising between tenants in common. We, however, fail to see any ground for making a distinction. The plaintiff here supposed he had acquired the title from the heirs of Amos C. Tourtelott, and under this belief made the improvements and paid the taxes. It turns out that the interest of the defendant was not conveyed; or at least the power of attorney from her authorizing the attorney to convey, who assumed to act for her,

cannot be found. She has recovered her undivided interest. And if she is liable to pay her share of the value of such lasting and valuable improvements as were made by the plaintiff, it is no more than equitable, that whatever rents and profits belonging to her the plaintiff had received before the year 1863, should be deducted from this amount. For "to the extent of these profits when received, improvements then made were paid for, in fact, when they were made; and, so far as there may have been an excess of profits over such improvements, subsequent improvements were paid for before they were made." 9 Dana, *supra*, p. 403. The proviso in section 13, chapter 141, was manifestly intended to apply to actions for the recovery of real estate, and it limits the recovery of rents and profits by the plaintiff in such actions to six years. But we do not think by any fair construction, this limitation can be held to apply to a claim for use and occupation when set up as an offset to a claim for improvements. The reasoning of the cases above cited from Kentucky and Iowa, is entirely clear and satisfactory to our minds upon that question.

The second counter-claim demurred to, is the judgment for rents and profits, with costs recovered by the defendant in the ejectment suit. It appears to us that this was a proper counter-claim. It could be made the foundation of an independent action against the plaintiff, and no reason occurs to us why it should not be allowed to extinguish, as far as it will go, the claim for improvements. The third counter-claim demurred to, is in substance, that since judgment was rendered in her favor in the action of ejectment, the plaintiff has possessed and used the premises, and has received and applied to his own use all the rents and profits, and she seeks to set off her share of those rents and profits against his demand in this action. This is a proper counter-claim. In *Pacquette v. Pickness*, the court held that a plaintiff in ejectment had a right to recover for the use of the premises, exclusive of the improvements, from the time of the rendition of the judgment in ejectment, to the time of

the recovery of the defendant for his improvements. And to the same effect are the decisions in *Taylor's Heirs v. Whiting's Heirs* and *Parsons v. Moses.* According to the complaint, the plaintiff's claim for taxes and improvements is unsettled. He remains in the exclusive possession, receiving the entire rents, although a certain portion of them belong to the defendant. There is no injustice in his accounting to the defendant for her portion so long as he retains the possession of the entire estate.

It follows from these views, that the order of the circuit court overruling the special demurrer and general demurrer to the amended answer is correct and must be affirmed.

*By the Court.*—It is so ordered.