### COMMONWEALTH *vs.* JOSEPH LEO.

At the trial of a complaint for keeping intoxicating liquors with intent to sell, all the material evidence was the testimony of two witnesses that they found on the defendant's premises a bar with beer mugs and tumblers, behind which the defendant was, two men drinking from tumblers what appeared to be lager bier, two kegs of lager bier, one on tap and one in the cellar, and a jug of lager bier; that they had never manufactured or sold fermented liquors; that they did not know the difference in the ingredients of lager bier and other beer; and that they had been state constables for four years and derived their knowledge therefrom. There was no evidence that they tested or applied any test to the beer. The judge ruled that the jury would be warranted in finding the defendant guilty, if they were satisfied from the evidence beyond a reasonable doubt that the liquor was lager bier or strong beer; and that the burden of proof was on the Commonwealth to show that it was either lager bier or strong beer. *Held*, that the defendant had no ground of exception.

Under the provision of the St. of 1864, *c.* 121, that a defendant in a criminal prosecution must prove any license, appointment or authority on which he relies for justification, a defendant prosecuted for keeping ale with intent to sell must prove that the sale of ale was permitted under the St. of 1871, *c.* 334, by the town in which the alleged offence was committed.

COMPLAINT to the Municipal Court of Taunton charging the defendant with keeping intoxicating liquors with intent to sell. Trial, on appeal, in the Superior Court, before *Dewey,* J., who, after a verdict of guilty, allowed a bill of exceptions, of which the following is all that is material :

" Two state constables testified that they entered the premises kept by the defendant, in Taunton, for the purpose of searching for and seizing intoxicating liquors ; that the place was fitted up

with a bar, and there were beer mugs, dripping tins and tumblers; that when they went in, the defendant was behind the bar, and two men were sitting at a table drinking from tumblers what appeared to be lager bier; that there was a keg of lager bier on tap behind the bar, and also some in a jug; that one of the witnesses also brought a keg of lager bier from the cellar; and that these were seized and taken away by the witnesses. On cross-examination, they testified that they had never manufactured or sold fermented liquors; that they did not know the distinctive difference in the ingredients to constitute lager bier as compared with other beer; and that they had been state constables for four years and derived their knowledge therefrom. There was no evidence that they tasted, or other evidence that they applied any test to ascertain the kind of beer they found. There was no evidence of any other kind of liquor being kept by the defendant; and the foregoing was all the material evidence in the case.

" The defendant asked the judge to rule that the above evidence was not sufficient to warrant the jury in finding that the liquor testified to was what is known in trade and commerce as lager bier; that it did not appear that the witnesses had sufficient knowledge to make them experts in the matter; and that if the evidence left it uncertain whether it was lager bier or some other kind of beer or malt liquor, the prosecution must go further and show by evidence that it was intoxicating or strong beer. But the judge declined so to rule, and instructed the jury that upon the above evidence they would be warranted in finding the defendant guilty, if they were satisfied from the evidence beyond a reasonable doubt that the liquor was lager bier or strong beer, but not otherwise; and that the burden of proof was on the government to prove that it was either lager bier or strong beer.

" The defendant further contended that upon proof of sale of lager bier the Commonwealth must show that the city of Taunton had not voted that any person might manufacture, sell and keep for sale lager bier, within its limits, as provided by the St. of 1871, *c.* 334. But the judge ruled that if the defendant relied upon such vote, he must prove it. The defendant alleged exceptions.

*J. Brown*, for the defendant. 1. There was no evidence that the article was strong beer or an intoxicating beverage. The test of strong beer is whether it is intoxicating or not. The jury should have been instructed that they must be satisfied it was lager bier.

2. The St. of 1864, *c.* 121, requiring a defendant in a criminal prosecution to prove any license, appointment or authority on which he relies for his justification does not apply. If the city of Taunton voted under the St. of 1871, *c.* 334, that any one might manufacture, sell or keep for sale fermented liquors within its limits, the selling of ale was there lawful, and the defendant did not require any " license, appointment or authority " for its sale.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. 1. The evidence was properly admitted, and was submitted to the jury under proper instructions.

2. The burden was on the defendant to prove that he was authorized to sell liquors. *Commonwealth* v. *Dean*, *ante*, 357.

*Exceptions overruled.*