### COMMONWEALTH *vs.* MICHAEL SHEA.

Middlesex.    March 31. — April 10, 1874.    AMES & DEVENS, JJ., absent.

An indictment on the Gen. Sts. *c.* 87, §§ 6, 7, for keeping a tenement used for the illegal sale of intoxicating liquors, without having any license, appointment or authority, need not further set forth that said liquors were not such as it was lawful to keep and sell.

On the trial of an indictment for the keeping of a tenement for the illegal sale of intoxicating liquors, the burden of proof is on the defendant to show that he acted under a license or appointment.

INDICTMENT on the Gen. Sts. *c.* 87, §§ 6, 7, charging that the defendant " did keep and maintain a certain common nuisance," to wit, a tenement in Framingham used for the illegal sale and illegal keeping of intoxicating liquors, without having any license, appointment or authority, first duly had according to law, to keep intoxicating liquors for sale ; " and without having any license, &c., to sell intoxicating liquors.

At the trial in the Superior Court, before *Bacon,* J., the defendant moved to quash the indictment for the reason that it did not set forth that the intoxicating liquors therein described were not ale, lager-bier, porter, or cider ; and the judge overruled the motion.

The defendant requested the judge to rule that the burden of proof was upon the Commonwealth to show that the defendant acted without license or appointment, and the judge refused so to rule.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*C. F. Donnelly,* for the defendant.

*C. R. Train,* Attorney General, *& W. G. Colburn,* Assistant Attorney General, for the Commonwealth.

BY THE COURT.    The sufficiency of the indictment and correctness of the ruling upon the burden of proof have both been repeatedly affirmed.    *Commonwealth* v. *Kennedy,* 108 Mass. 292. *Commonwealth* v. *Conneally,* 108 Mass. 480.

*Exceptions overruled.**

---

\* A similar decision was made June 16, 1874, in the case of

COMMONWEALTH *vs.* MICHAEL HANLEY,

argued by the same counsel.