COMMONWEALTH *vs.* THOMAS CURRAN.

Suffolk.   November 22. — 27, 1875.   COLT, J., absent.

A complaint which alleges that the defendant " unlawfully did expose and keep fot
   sale intoxicating liquors," with intent to sell the same in this Commonwealth,
   charges but one offence.
Under the St. of 1864, *c.* 121, § 1, if a person charged with keeping intoxicating
   liquors for sale in violation of law is proved to have kept them for sale, the burden
   of proving that he had a license or authority so to do is upon him.
On the trial of a complaint under the statute of 1875, *c.* 99, charging the defendant
   with unlawfully exposing and keeping intoxicating liquors with intent to sell the
   same in this Commonwealth, the defendant requested an instruction to the jury
   that the burden of proof was on the government to prove that the liquors exposed
   and kept for sale were intoxicating, and that the jury must acquit if the evidence
   left them in doubt as to that fact.   The judge gave this instruction with the modi-
   fication that if the liquors exposed were ale, or distilled spirits, called whiskey, they
   must convict, if the same were kept for sale.   *Held,* that the modification was
   correct.

COMPLAINT under the St. of 1875, *c.* 99, to the Municipal
Court of the city of Boston, averring that Thomas Curran, on
July 3, 1875, " at Boston aforesaid, and within the judicial dis-
trict of said court, unlawfully did expose and keep for sale intoxi-
cating liquors, with intent unlawfully to sell the same in this
Commonwealth, the said Curran not having then and there any
license, authority or appointment, according to law, then and
there to expose, keep for sale,. or sell said liquors, against the
peace of said Commonwealth, and contrary to the form of the
statute in such case made and provided."

In the Superior Court, before *Bacon*, J., on appeal, before the
jury were empanelled, the defendant filed a motion to quash
the complaint on several grounds, the only one of which not
covered by the case of *Commonwealth* v. *Fredericks, ante,* 199,
was that "it is void for duplicity, charging two offences in one
count; and the complaint does not contain any sufficient allega-
tion or description of any offence at law, and is defective both in
form and substance."   This motion was overruled, and the de-
fendant was then tried.

The government introduced evidence tending to show that the
defendant kept a place of business, in which ale and other liquors
were exposed and kept for sale.   The defendant requested the
judge. to give the following instructions:

" 1. That the government has failed to prove any offence under the St. of 1875, *c.* 99.

" 2. That the defendant was not of the class of persons permitted to expose, keep and sell intoxicating liquors without a license.

" 3. The government must show that the liquors exposed and kept for sale were not liquors the defendant was required to sell under any provisions of law requiring him to sell personal property, and were not cider or native wine in his possession as the maker·thereof, to be sold not to be drunk on the premises. If the government has failed to prove these facts, the jury must acquit.

" 4. The burden of proof is on the government, to prove that the liquors exposed and kept for sale were intoxicating, and the jury must acquit if the evidence leaves them in doubt as to this fact.

" 5. Under the present law and under this complaint it is necessary for the government to prove that the defendant did not have any authority under this law to expose, keep for sale or sell the intoxicating liquors alleged and proved to have been exposed and kept for sale.

" 6. The jury must not convict upon the mere opinion of any witness, that the liquors exposed and kept for sale were ale, whiskey or other intoxicating liquors.

"7. The government must show in this case one of two things: either that the mayor and aldermen of the city of Boston voted to grant licenses under this law, or refused to do so; or that the powers and duties given to and imposed upon them were exercised by a board of license commissioners, appointed by the mayor and confirmed by the city council thereof, after the city council had so determined to delegate the power to such a board.

" 8. The statute under which this complaint is made is contrary to the provisions of the Constitution."

The judge instructed the jury in accordance with the sixth request, and gave the fourth with this modification, " that if the liquors exposed were ale or distilled spirits, called whiskey, they must convict, if the same were kept for sale, and declined to give the other instructions requested."

The jury returned a verdict of guilty; and the defendant filed a motion in arrest of judgment, alleging substantially the grounds stated in the motion to dismiss. This motion was overruled, and the defendant alleged exceptions.

*G. W. Searle & J. W. Mahan*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J. Most of the exceptions in this case are disposed of by the judgment in *Commonwealth* v. *Fredericks*, *ante*, 199, and the others are equally unfounded.

1. The allegation in the complaint that the defendant did expose and keep for sale intoxicating liquors, charges but a single offence, and is not bad for duplicity. *Commonwealth* v. *Nichols*, 10 Allen, 199.

2. If the defendant was proved to have kept intoxicating liquors for sale, the burden of proving that he had a license or authority so to do was upon him. St. 1864, *c.* 121, § 1. *Commonwealth* v. *Kennedy*, 108 Mass. 292. *Commonwealth* v. *Leo*, 110 Mass. 414. *Commonwealth* v. *Shea*, 115 Mass. 102.

3. The jury were instructed, in accordance with the defend-ant's fourth request, that the burden of proof was on the government to prove that the liquors exposed and kept for sale were intoxicating, and that the jury must acquit if the evidence left them in doubt as to that fact. The addition made by the judge to this instruction was clearly correct; for § 18 of the St. of 1875, *c.* 99, provides that ale as well as distilled spirits shall be deemed intoxicating liquors, within the meaning of the statute.

*Exceptions overruled.*