## STATE v. LORD.

Intoxicating liquors transported into any state being made subject to the laws of such state enacted in the exercise of its police powers, by the provisions of the act of congress approved August 8, 1890 (26 Stat. 313, c. 728), a reënactment of the statutes of this state (G. L., c. 109, s. 13) prohibiting the sale of intoxicating liquor is not required in order to have the effect upon liquors imported into the state which they have upon those manufactured within the state, or sold otherwise than in the original packages.

INDICTMENT, for selling one half pint of spirituous liquor August 21, 1890. The defendant moved to quash the indictment on the ground that the statute under which it was found is unconstitutional and void. The motion was denied, and the defendant excepted.

*J. A. Edgerly*, for the defendant.

*J. Kivel*, solicitor, for the state.

SMITH, J. Proof that the liquor which the defendant is charged with selling was manufactured in this state and was sold by him as charged, or had been brought into this state and was sold by him after it had become intermingled with the other property in the state, would be sufficient to sustain the indictment. The defendant has furnished no brief, nor asked to be heard orally. We are left to conjecture his reasons for claiming that the statute under which the indictment was found is unconstitutional, and we assume that he relies upon the authority of *Leisy* v. *Hardin*, 135 U. S. 100.

In *Pierce* v. *The State*, 13 N. H. 536, the statute of July 4, 1838, prohibiting the sale of spirituous liquors without a license, was held to be a constitutional exercise of the powers possessed by the legislature, and that it was no defence to an indictment founded upon the statute that the liquor sold was purchased by the respondents in another state, brought into this state, and sold in the same condition in which they purchased it. On a writ of error from the supreme court of the United States, the constitutionality of that statute was affirmed (*Peirce* v. *New Hampshire*, 5 How. 504), and that case has recently been overruled. *Leisy* v. *Hardin*, *supra*. So far as the result in the last named case was to render ineffectual our statute prohibiting the sale of spirituous liquor in the original packages in which it is brought into the state (G. L., c. 109, s. 13), that result has been obviated by the statute known as the "Wilson bill," enacted by congress August

8, 1890, giving authority to the several states to regulate and prohibit the sale of spirituous liquors within their respective limits. 26 U. S. Stat. 313, *c.* 728.

The decision in *Leisy* v. *Hardin* " was far from holding that the statutes in question [prohibiting and regulating the sale of intoxicating liquors] were absolutely void, in whole or in part, and as if they had never been enacted. On the contrary, the decision did not annul the law, but limited its operation to property strictly within the jurisdiction of the state." In enacting the Wilson bill " congress did not use terms of permission to the state to act, but simply removed an impediment to the enforcement of the state laws in respect to imported packages in their original condition, created by the absence of a specific utterance on its part. It imparted no power to the state not then possessed, but allowed imported property to fall at once upon arrival within the local jurisdiction." The act of congress " in terms removed the obstacle [to the operation of the state law upon imported liquors], and we perceive no adequate ground for adjudging that a reënactment of the state law was required before it could have the effect upon imported which it had always had upon domestic property." *In re Rahrer*, 140 U. S. 545, 563–565;—and see *Commonwealth* v. *Gagne*, 153 Mass. 205; *Commonwealth* v. *Calhane*, 154 Mass. 115; *Carstairs* v. *O'Donnell*, 154 Mass. 357.

*Exception overruled.*

CARPENTER, J., did not sit: the others concurred.