Pearson vs. Neeves and wife.

PEARSON, Respondent, vs. NEEVES and wife, imp., Appellants.

92    319
117    ²203

*January 28 — February 18, 1896.*

*Foreclosure of mortgage: Pleading: Striking out sham answer.*

1. In an action to foreclose a mortgage, an alleged payment by plaintiff of taxes and insurance which the mortgagor had covenanted but failed to pay is not presumptively within the knowledge of subsequent purchasers or incumbrancers, and their answer denying all knowledge or information thereof sufficient to form a belief raises a material issue.
2. A properly verified answer putting in issue material allegations of the complaint cannot be stricken out as sham.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

This action was for the foreclosure of a mortgage by which it was covenanted, among other things, in substance, that the mortgagor, Kirchhoff, should pay annually all taxes assessed on the mortgaged premises ten days before the annual tax sale, and should keep the buildings thereon insured against loss or damage by fire, in the sum of $5,000, in some solvent, incorporated insurance company. For his failure to keep these covenants, and upon proper allegations in that behalf, a claim was made that the sum of $22.50 for insurance and $239.36 for taxes, paid by the plaintiff, should be included in the judgment, in addition to the amount of the mortgage debt. The defendant *William B. Neeves* and *Alice S.*, his wife, were made defendants under an allegation that they had, or claimed to have, some interest in or lien upon the mortgaged premises, which had accrued subsequent to the lien of the mortgage; and they answered, admitting this allegation, and alleging that, as to the truth of the other allegations of the complaint, they had no knowledge or information thereof sufficient to form a belief, and that they therefore denied the same. This answer was duly verified, and, upon affidavits supporting the allegations of the com-

plaint, the plaintiff moved the court to strike out such answer as sham; and the court made an order granting the motion, from which the defendants *Neeves* and wife appealed.

For the appellants the cause was submitted on the brief of *Lindley Collins.*

For the respondent there was a brief by *Hoyt & Ogden,* and oral argument by *L. M. Ogden.*

PINNEY, J. The allegations upon which the claim for the moneys paid by the plaintiff for taxes and insurance was founded were not presumptively within the knowledge of the defendants as subsequent purchasers or incumbrancers; and they might properly deny all knowledge or information in respect thereto sufficient to form a belief. Such a denial, under these circumstances, formed a material issue for trial. *Davis v. Louk,* 30 Wis. 308. And, as the answer was properly verified, it could not be stricken out as sham. The case of *Pfister v. Wells, ante,* p. 171, upon this point, is conclusive.

*By the Court.*— The order appealed from is reversed, and the cause is remanded for further proceedings according to law.