Coven, J.
In the course of conducting an investigation involving defendant Gregory Buchanan (“Buchanan”), Framingham police officers appeared at Buchanan’s apartment and were invited inside by him. There, in plain view, the officers observed a bag of marijuana about the size of a fist with a value of approximately $120.00. The marijuana was seized, and Buchanan eventually admitted in a criminal proceeding to having possessed the marijuana. Subsequent to Buchanan’s admission, plaintiff Corcoran Management Co., Inc. (“Corcoran”) brought an action under G.L.c. 139, §19 to terminate Buchanan’s tenancy. Corcoran prevailed. The trial court entered an order terminating the tenancy and enjoining further occupancy by Buchanan. Buchanan has appealed.
Buchanan argues that mere possession of a small amount of marijuana is insufficient to trigger a landlord’s action under §19, which authorizes a landlord to seek the annulment of a lease if the “tenant or occupant of a building or tenement ... uses such premises or any part thereof for the purposes of... the illegal keeping, sale or manufacture of controlled substances. ...” See Boston Housing Auth. v. Guirola, 410 Mass. 820, 823-824 (1991).
We need not address Buchanan’s argument,[1] nor other issues such as mootness. While neither party has raised a jurisdictional bar to this appeal, we do so sua sponte. The “Appellate Division does not have a general grant of equity jurisdiction....” Walker v. Board of Appeals of Harwich, 388 Mass. 42, 48 (1983). Thus, “in the absence of some ... statutory direction,” Department of Revenue v. Jarvenpaa, 404 Mass. 177, 181 (1989), an appeal of an equitable order is to the Appeals Court. Id. In this case, the Legislature has spoken. Section 19 clearly *164 provides that “[a]n appeal from equitable relief granted by a district court pursuant to this section shall be to the appeals court....”
Accordingly, the appeal is dismissed for lack of jurisdiction.
So ordered.

 Section 19 of G.L.c. 139 also allows a landlord to seek the annulment of a lease when a tenant “possesses ... an explosive device. ...” The Legislature expressed its view on simple possession, expressing a zero tolerance when explosive devices were at issue. Conversely, the Legislature did not include the word “possession” in dealing with controlled substances. It may very well be that simple possession of a controlled substance is insufficient to trigger the equitable remedy made available by the statute, and that the Legislature intended the word “keeping” to require possession of a controlled substance kept on the premises for future sale rather than possession only. In related Sections 14 and 15, criminal prosecution for the “illegal keeping or sale of alcoholic beverages,” which is also a ground for a landlord’s §19 request for the annulment of a lease, has long been interpreted as the keeping of alcohol for sale. Commonwealth v. Conneally, 108 Mass. 480 (1871).