# Moore *v.* City of Eufaula.

*Action to Recover a Fine Imposed for Violation of Ordinance.*

1. *License tax may be required of telegraph companies by city.*—A city ordinance requiring telegraph companies engaged in business within the State in which such city is located, and which have a place of business in such city, to pay a license tax, is valid, and its enforcement does not violate any rights of such companies under the interstate commerce law.

APPEAL from Barbour Circuit Court.
Tried before Hon. J. M. CARMICHAEL.
Proceedings by the City of Eufaula against O. T. Moore to recover a fine for the violation of one of its ordinances. Demurrers to defendant's pleas were sustained, and judgment rendered for plaintiff.

H. D. CLAYTON, for appellant. (No brief came to the hands of Reporter.)

G. L. COMER, for appellee, cited *Wiggin's Ferry Co. v. East St. Louis*, 107 U. S. 365 ; *Van Hook v. City of Selma*, 70 Ala. 361, as to the power of license being a police power ; and
Vol. 97.

cited *Telegraph Company v. Texas*, 105 U. S. 460 ; *Maine v. Grand Trunk R. R. Co.*, 142 U. S. 217, and other authorities, as to the ordinances not being in conflict with the constitution or any law of the United States.

COLEMAN, J.—Appellant Moore was fined for a violation of an ordinance of the City of Eufaula which required of "each and every person or company engaging in the business of sending and receiving telegraph messages to and from points within the State of Alabama and keeping an office or place of business in the City of Eufaula to pay a license tax," &c.

The plea of the defendant to the complaint, is substantially the same as that pleaded by the defendant in the case of *Lloup v. Port of Mobile*, 127 U. S. 640, and it is insisted that the principle of law declared in that case, is applicable to the present case, and is conclusive against the validity of the ordinance for a violation of which the defendant was prosecuted. We are of opinion that the ordinance under which the prosecution in the former case was had, is essentially different from that to be considered in the case at bar in its application to the facts. Congress has exclusive power in all matters of interstate commerce, and the authority of the States in all matters of commerce purely domestic is equally sovereign and exclusive. Communication by telegraph is commerce, and when carried on with foreign nations, and among the several States and with the Indian tribes, Congress alone has power to regulate it. The principle of exclusive authority of Congress to regulate commerce has been extended until it is made to apply to all connecting lines used for the transmission of communications from one State to another although such connecting lines may lie wholly within a single State. Congress also has exclusive power to establish post-offices and post roads. Any law of a State which obstructs or burdens interstate commerce, or hinders the regular and legal administration of the general government, must be held to be unconstitutional and void. The power of the State over its internal affairs, is subject to no limitation outside of the Constitution of the United States. The Western Union Telegraph Company incorporated by the State of New York, can derive no power from its creator, to do business within the jurisdiction of the State of Alabama. Considered purely as a foreign corporate body, deriving its powers from a charter granted by the State of New York, the State of Alabama has the power to prescribe police regulations for its government within its boundaries,

and to tax its property situated here for the purposes of revenue, having due regard that no unjust discrimination be made. The complaint avers that the defendant "as managing agent of the Western Union Telegraph Company, a corporation having a place of business in the said city of Eufaula, did then and there as such agent engage in the business and occupation of transmitting telegrams from and to points within the State of Alabama, and between the private individuals of the State of Alabama and others within said State," &c.

The defense set up in the plea to the charge, in effect, asserts the proposition that inasmuch as the telegraph company has accepted the benefit of the act of Congress set out in the plea, and subjected itself to its conditions, and may therefore be used by the government for the administration of public affairs, or inasmuch as by its various connections, with lines in other States, it may be used for purposes of interstate commerce, therefore the telegraph company, though a foreign corporation, has the right in violation of the State laws to engage in other matters and business wholly independent of and disconnected from governmental administration or interstate commerce.

The boundary line of the power granted to Congress by the Constitution, "To regulate commerce between the States," has not been clearly and definitely located by the decisions of the Supreme Court of the United States. Whether, eventually, this clause of the Constitution or some other will be extended by judicial interpretation, until the autonomy of the States, and the doctrine of State sovereignty, shall be known only as a part of the past history of our country, presents questions of great solicitude to those who love and glory in the general government as originally designed and established. We believe, however, that as yet no decision has gone to the extent of declaring immunity even to the officers of the government, who are guilty of violating police regulations of a State, which in no way militate against the performance of official duty required by the general government. Much less can one claim immunity who was not an employee of the government, and who was not engaged in official duty at the time of the breach of its laws, of which the State complains.

The ordinance of the City of Eufaula can be enforced without interfering with interstate commerce, or the rights of the general government, secured to it under the act of Congress, set up in the plea of the defendant. The State of Alabama by virtue of its sovereign power had authority to

[Moore v. City of Eufaula.]

grant to the City of Eufaula, the power to adopt the ordinance. The plea filed does not meet the issue presented by the complaint. To present·a defense, it should aver facts to show that the messages transmitted were in the interest of interstate commerce or in obedience to governmental orders, and that the office or place of business in the City of Eufaula' was kept and used for these purposes only. The fact that the Western Union Telegraph Company may keep an office and engage in a business in the City of Eufaula over which the State has no police control, does not justify it in using the office for other purposes, and engaging in other business, subject to State regulation, and for the doing of which the State requires that a license shall be first taken out. If the defendant had been charged with retailing without a license and contrary to law, the plea would be equally available as a defense, as it is to the charge that the defendant engaged in the business of transmitting messages from and to points within the State,' and from and to private individuals of the State.

We feel fully sustained in our views by the line of argument and conclusions reached in the following cases. *Wes. Un. Tel. Co. v. The State of Texas*, 105 U. S. 460–6 ; *Ficklin v. Taxing Dis. Shelby Co.*, U. S. Rep., decided April 11, 1892; *State of Maine v. Grand Trunk R. R. Co.* U. S. Rep., decided 14th 1891.

There was no error in sustaining the demurrer to the plea of the defendant.

Affirmed.

## ON REHEARING

The appellant has applied for a rehearing in this case. It is contended in the written argument for a rehearing, that in addition to the question of interstate commerce defendant's pleas show that defendant "did business on the post roads of the United States only; and that it had duly filed with the postmaster-general its acceptance of the restriction and obligations of the act of Congress approved July 24th, 1868, and that Congress having the company to do its business upon the post roads of the United States, the State can not impose any restrictions upon the exercise of the rights conferred," and further, "That the Western Union Telegraph Company is a part of the postal system—a postal agent of the United States, and that by reason thereof the State can not demand a license of the

43±97.

[Cawthon v. A. Lusk & Co.]

company, for maintaining and operating its line of telegraph and doing business required by such act of Congress," &c.

These questions we understand to be fully disposed of, by the principles declared in the opinion. The act of Congress referred to is set out in the pleas. We regard only the averments of conclusions of the pleader, which are properly authorized by the act, as well pleaded. The opinion which we are asked to reconsider, distinctly declares: "That Congress has exclusive power to establish post offices and post roads. Any law of a State which obstructs or burdens interstate commerce, or hinders the regular and legal administration of the general government, in its application, must be held to be unconstitutional and void." It is unnecessary to repeat the complaint against the defendant. As stated before, neither of the pleas presents a defense to the complaint. They do not show that the act of the defendant complained of was done in the prosecution of business in the interest of the general government, such as the government has a right to demand of it, under the act of Congress set out in the pleas. The former opinion was well considered and we are satisfied with the correctness of our conclusion.

Rehearing denied.