## WEBSTER v. BELL.

(Circuit Court of Appeals, Fourth Circuit. June 5, 1895.)

### No. 118.

INTERSTATE COMMERCE—EXPRESS COMPANIES—LICENSE TAX.

An ordinance imposing a license tax upon "every express company having an office in the city of A., Va., and receiving goods, * * * and forwarding them to points within the state of Virginia, or receiving goods

\* \* \* within the state of Virginia, and delivering them in the city of A.," is repugnant to the interstate commerce law, and is void.

Appeal from the Circuit Court of the United States for the Eastern District of Virginia.

This was an application for a writ of habeas corpus by Lewis McK. Bell, who claimed that he was illegally restrained of his liberty by James F. Webster, captain of the police force of the city of Alexandria, Va. The circuit court granted the writ, and discharged the relator. The respondent appeals. Affirmed.

This case comes up by way of appeal from the circuit court of the United States for the Eastern district of Virginia. Lewis McK. Bell was in custody of James F. Webster, captain of the police force of the city of Alexandria, under conviction before the mayor of that city for the violation of a city ordinance. The city of Alexandria, on 12th May, 1894, passed an ordinance containing the following provision:

"Sec. 49. On every express company having an office in the city of Alexandria, Virginia, and receiving goods, wares and merchandise, and forwarding them to points within the state of Virginia, or receiving goods, wares or merchandise within the state of Virginia, and delivering them in the city of Alexandria, there shall be levied and collected a license tax of $150. This ordinance shall be of force from its passage."

The United States Express Company, a joint-stock company under the laws of New York, is engaged as common carrier in the express business throughout many states of the Union. It has an office in the city of Alexandria, in which Lewis McK. Bell is the chief manager and agent. A part of the business of the company is transporting from other states into the city of Alexandria packages of goods, wares, and merchandise, and in delivering them in that city, and in receiving goods, wares, and merchandise in Alexandria, and transporting and delivering them elsewhere. All express packages sent from Alexandria elsewhere are forwarded to Washington, in the District of Columbia, and thence forwarded to their destination. Very many express packages so forwarded are destined for points in the state of Virginia, and are thus sent from Alexandria through Washington to those points in Virginia. The express company refused to pay this license tax. Thereupon the proceedings were instituted against Lewis McK. Bell, its manager and agent, under which he was convicted and was in custody as stated. An application was made for his release under habeas corpus before the circuit court of the United States; and, upon hearing the application, Bell was released from custody, upon the ground that the express company was engaged in interstate commerce, and that the ordinance in question was a regulation of interstate commerce, and so void. This is an appeal from this decree.

Samuel G. Brent and E. B. Taylor, for appellant.

John M. Johnson, for petitioner.

Before GOFF and SIMONTON, Circuit Judges.

SIMONTON, Circuit Judge (after stating the facts). Is this ordinance of the city of Alexandria a regulation of and a tax upon commerce between the states? There can be no question that a state, and municipal corporations within a state, acting under state authority, can impose a license upon all business conducted by common carriers within a state. W. U. Tel. Co. v. Texas, 105 U. S. 460; W. U. Tel. Co. v. Alabama State Board of Assessment, 132 U. S. 472, 10 Sup. Ct. 161; Postal Tel. Cable Co. v. City Council of Charleston, 153 U. S. 692, 14 Sup. Ct. 1094. But in the imposition of such tax the interstate business must be discriminated from the infra state business, or it must be made capable of such discrimination, so that it may clearly appear that the infra state business alone is taxed.

Ratterman v. Telegraph Co., 127 U. S. 411, 8 Sup. Ct. 1127; State Freight Tax Cases, 15 Wall. 232; Express Co. v. Seibert, 142 U. S. 339, 12 Sup. Ct. 250. Does the ordinance in question make such discrimination, or can such a discrimination be made under its terms? The tax is on every express company having an office in the city of Alexandria, and receiving goods, etc., and forwarding them to points within the state of Virginia. Receiving them from what points? Evidently from any quarter within or without the state, for the next sentence is "or receiving goods, wares and merchandise within the state of Virginia, and delivering them in the city of Alexandria." This is a description of the business taxed. It includes all the business of the express company, and on that business[t] imposes a tax of $150. The tax is not confined to such business as it does within the state of Virginia, nor is any distinction made between the business done within the state and that done without the state. If the express company does any business within the state of Virginia, and has an office in Alexandria, and thus within reach of the taxing power, it is made to pay on the whole business of receiving and forwarding, from whatever points, the tax of $150. The distinction here drawn is illustrated in the case of Express Co. v. Seibert, supra. That case discussed the question whether an act of the state of Missouri taxing express companies was in conflict with the interstate commerce law:

"The act, after defining in its first section what shall constitute an express company, or what shall be deemed to be such in the sense of the act requiring such express company to file with the state auditor an annual report 'showing the entire receipts for business done within the state of each agent of such company doing business in this state,' etc., further provides that the amount which any express company pays 'to the railroads or steamboats within this state for the transportation of their freight within this state' may be deducted from the gross receipts of the company on such business, and the act also requires the company making the statement of its receipts to include as such all sums earned or charged 'for the business done within this state,' etc. It is manifest that these provisions of the statute, so far from imposing a tax on receipts derived from the transportation of goods between other states and Missouri, expressly limit the tax to receipts for sums earned and charged for business done within the state. This positive and oft-repeated limitation to business done within the state—that is, business begun and ended within the state—is evidently intended to exclude, and the language employed does exclude, the idea that the tax is to be imposed on the interstate business of the company."

The language used in the ordinance discussed in Postal Tel. Cable Co. v. City Council of Charleston, supra, is equally clear in its discrimination:

"Telegraph companies or agents each for business done exclusively within the city of Charleston, and not including any business done to or from points without the state, and not including any business done for the government of the United States, its officers and agents, $500."

The ordinance of the city of Alexandria makes no discrimination whatever between business done without and within the state; but, imposing a tax on the company if it has an office in that city, and if some of its business is between points in the state of Virginia, is repugnant to the interstate commerce law, and is void.

The decree of the circuit court is affirmed, with costs.