PEOPLE ex rel. KLIPSTEIN & CO. v. ROBERTS.

(Supreme Court, Appellate Division, Third Department. January 11, 1899.)

TAXATION — FOREIGN CORPORATIONS — FOREIGN COMMERCE — CONSTITUTIONAL LAW.

    Imposition by a state of a tax on the stock of a foreign corporation whose business consists partly of foreign and partly of domestic commerce is not a regulation of foreign commerce, prohibited by Const. U. S. art. 1, § 10.

Certiorari by the people, on the relation of A. Klipstein & Co., against James A. Roberts, as comptroller of the state of New York. Determination of the comptroller confirmed.

Certiorari to review the determination of the comptroller of the state of New York refusing to revise and readjust an account for taxes audited and stated against the relator for the two years ending November 1, 1895, under chapter 542, Laws 1880, and its amendments, and for one year ending November 1, 1896, under chapter 908, Laws 1896. The relator is a foreign corporation, organized under the laws of the state of New Jersey, with a paid-up capital stock of $200,000. It carried on in the city of New York, during the years for which the tax was levied, the business of dealing in chemicals and dyestuffs. Six-sevenths of such business consisted of importing from countries

in Europe chemicals and dyestuffs, and selling the same in the original packages as imported. One-seventh of its business consisted of the sale of broken packages of its imported goods, and also of some domestic goods of the like character.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John B. Green, for relator.

G. D. B. Hasbrouck, for respondent.

LANDON, J. The comptroller's return states "that the whole value of the capital stock employed by the relator in the state of New York for the three years ending November 1, 1896, was the sum of $200,000, and that in estimating the value of said stock no discrimination of any character was exercised by the comptroller for or against the said stock, in determining its value for the purpose of measuring the tax aforesaid, on account of the same, or any part thereof, having been the product of other countries than the United States." The relator insists here, as it did before the comptroller, that since six-sevenths of its business consisted in foreign commerce, any tax imposed upon such business was in the nature of a regulation of such commerce, and under article 1 of section 10 of the constitution of the United States, giving to congress the power to regulate commerce with foreign nations, was withdrawn from the power of the state, and wholly committed to the United States; and hence the tax, if any were imposable by the state, was excessive to the extent of six-sevenths of its amount. If the relator's business had been wholly that of foreign or interstate commerce, it doubtless would be entitled to the exemption it seeks (People v. Wemple, 138 N. Y. 1, 33 N. E. 720), unless the fact that it conducted a strictly private business, and not a business of a quasi public character, like that of a common carrier, would exclude it from the protection accorded to the relator in the case cited,—a distinction referred to in the Case of Parke, Davis & Co., below cited, as fruitful of difficulty. But as this relator is engaged partly in domestic or infra-state commerce, and the power of taxation upon the latter business, and the privilege of doing it when carried on within this state by a foreign corporation, are within the competency of the state, and thus the power to prescribe the basis of its measurement is also within its competency, it follows that the statutes imposing and measuring the tax must be considered, as they may be, as not transcending the legislative power of the state. Such was the intimation of the court in the case above cited,—an intimation which is supported by the more recent case of Osborne v. Florida, 164 U. S. 650, 17 Sup. Ct. 214, and, as we think, authoritatively confirmed by the recent case of People ex rel. Parke, Davis & Co. v. Roberts, decided in October, 1898, by the supreme court of the United States, upon appeal from the judgment of our court of appeals. 91 Hun, 158, 36 N. Y. Supp. 368; Id., 149 N. Y. 608, 44 N. E. 1127. The supreme court of the United States says:

"No tax is sought to be imposed directly upon imported articles, or on their sale. This is a tax imposed on the business of a corporation, consisting in the storage and distribution of various kinds of goods, some products of their

own manufacture and some imported articles. From the very nature of the·
tax, being laid as a tax upon the franchise of doing business as a corporation,
it cannot be affected in any way by the character of the property in which
its capital stock is invested."

Determination of the comptroller confirmed, with $50 costs and
disbursements. All concur.