## STATE, APPELLANT, *v.* ROCKY MOUNTAIN BELL TELEPHONE CO., RESPONDENT.

### (No. 1,802.)

(Submitted January 7, 1903.   Decided January 29, 1903.)

*Telephones—License Tax—Statutes — Validity — Interstate Commerce—Trial—Burden of Proof—Findings.*

1. In an action tried by the court, a finding of a fact stated in the pleadings of one party, and not denied by the other, is not required, since a fact admitted by the pleadings will be treated as found by the court in accordance with such admissions.
2. Under Code of Civil Procedure, Section 3145, declaring that each party must prove his own affirmative allegations, and that evidence in support of a negative allegation need not be given except when such allegation is an essential part of the statement of the right or title on which the cause of action is founded, in an action by the state to recover the license tax imposed by Political Code, Section 4071, as amended by Act March 6, 1897, on a telephone company doing business within the state, in which it was pleaded that many of its telephones attempted to be taxed were exclusively used in interstate business and were therefore exempt from taxation, the burden was on the defendant to establish the number of telephones so used, and that they were the same instruments attempted to be taxed.
3. Political Code, Section 4071, as amended by Act March 6, 1897, providing that every corporation "doing business in this state" as a telephone company must pay a license, in each county where such business is transacted, of 75 cents per year on each instrument in use, is not invalid as regards a telephone company doing business within the state, also engaged in interstate traffic, the statute being intended only to apply to instruments used solely in-business within the state.

*Appeal from District Court, Lewis and Clarke County; J. M. Clements, Judge.*

ACTION by the state against the Rocky Mountain Bell Telephone Company.   From a judgment in favor of defendant, plaintiff appeals.   Reversed.

*Mr. James Donovan, Attorney General,* for Appellant.

*Messrs. H. G. & S. H. McIntire,* for Respondent.

An attempt on the part of a state to regulate or interfere with interstate business by seeking to impose a license upon the business, the franchise of the company, or upon the instrumentalities by which it does its business, before allowing the transaction

of such business within the state, is an interference with inter-state commerce and is void. (*Pensacola Tel. Co.* v. *Western Union Tel. Co.,* 96 U. S. 1; *Telegraph Co.* v. *Texas,* 105 U. S. 460; *Ratterman* v. *Tel. Co.,* 127 U. S. 411; *Leloup* v. *Mobile,* 127 U. S. 640; 11 Rose's Notes to U. S. Reports, pp. 598-601; *Telegraph Co.* v. *Alabama,* 132 U. S. 472; *Lyng* v. *Michigan,* 135 U. S. 161; *Crutcher* v. *Kentucky,* 141 U. S. 47; *Express Co.* v. *Seibert,* 142 U. S. 349; *Harmon* v. *Chicago,* 147 U. S. 396; *Telegraph Co.* v. *Adams,* 155 U. S. 688; *Philadelphia* v. *Tel. Co.,* 40 Fed. 615; *Webster* v. *Bell,* 68 Fed. 183; *San Francisco* v. *Tel. Co.,* 31 Pac. 10; *County* v. *So. Pac. Co.,* 19 Pac. 827; *Commonwealth* v. *Smith,* 17 S. W. 187; *McNaughton* v. *McGirl,* 20 Mont. 124; Prentice & Eagan, Com. Clause Fed. Const. pp. 268 *et seq.;* Thompson on Electricity, Sec. 113; *City of San Bernardino* v. *So. Pac. Co.,* 40 Pac. 796; *State Freight Tax Cases,* 15 Wall. 232; *So. Ry. Co.* v. *City of Asheville,* 69 Fed. 359; *In re Lebolt,* 77 Fed. 587; *U. S. Express Co.* v. *Hemmingway,* 39 Fed. 60; *Telegraph Co.* v. *Fremont,* 26 L. R. A. 698; *Maine* v. *Railway Co.;* 142 U. S. 17; *Southern Ex. Co.* v. *The Mayor, etc.,* 116 Fed. 756.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action brought against the defendant company to recover a license tax for conducting the business of a telephone company in Lewis and Clarke county, Montana. The action is brought under Section 4071 of the Political Code, as amended by an Act of the Fifth legislative assembly, approved March 6, 1897 (Laws of 1897, p. 202), which provides that every person, corporation, or association *doing business in this state* as a telephone company must pay a license, in each county where such business is transacted, of 75 cents per year for each instrument in use.

The complaint contains three causes of action: The first, for the license due on 250 instruments in use during the year commencing July 1, 1899, and ending June 30, 1900; the second,

for the license due on 381 instruments in use during the year commencing July 1, 1900, and ending June 30, 1901; and the third, for the license due on 368 instruments in use from July 1, 1901, to the date of the commencement of this action. The allegations are alike as to every cause of action, viz.: That the defendant at the times therein mentioned was carrying on the business of conducting a telephone exchange system, and using and leasing the instruments to its patrons and customers in Lewis and Clarke county, Montana, to the number therein stated, and that no license for conducting such business had been taken out by the defendant company. The answer admits the allegations above, and for an affirmative defense alleges: "That the defendant, Rocky Mountain Bell Telephone Company, is a corporation duly organized under the laws of the state of Utah, with its principal place of business in Salt Lake City, and has complied with the laws of Montana prescribing the conditions upon which foreign corporations are permitted to do business in this state; that its business is that of receiving and transmitting for hire messages by telephone; that for the purpose of conducting and carrying on the said business the defendant company has erected and is maintaining poles along and across various streets, roads and highways in the state of Montana, and in the states of Utah, Idaho and Wyoming, and has stretched across and affixed to said poles wires necessary for the transmission of electric currents, which wires connect with and are attached to instruments used for the transmission of telephonic messages, and which instruments are placed in the offices of said defendant company and at the places of business and residence of its several patrons and customers, and communicate with similar instruments in all of the offices of said company and with instruments in the places of business and residence of its patrons and customers in said states aforesaid, and said poles, wires and instruments are indispensable to the business of said defendant company, and are the means and instrumentalities by which its said business is carried on and conducted, and without which said business could not be carried on; that the defendant company's lines are located in, extend

through and connect the states of Montana, Utah, Idaho and
Wyoming; that for the transaction of its business the defendant
company has many instruments in Lewis and Clarke county,
in the state of Montana, and in the other states above named,
and said instruments are arranged for use and are necessarily
used by patrons of defendant company in receiving and trans-
mitting messages from and to places in Montana, and between
the said county of Lewis and Clarke and all of said states above
named into and through which defendant's lines extend.  Said
instruments are connected by wire with the Western Union
Telegraph Company and the Postal Telegraph Company, which
companies have lines in the county of Lewis and Clarke and
state of Montana, and extending into and through other states
and foreign countries, and are engaged in the business of re-
ceiving and transmitting for hire messages by means of the
electric telegraph from and to places within the state of Mon-
tana and other states and foreign countries; that by such con-
nection of the defendant company with the said telegraph com-
panies' wires, telephone messages may be and are transmitted
to the states, countries, and places to which said telegraph com-
panies and their connections extend without any extra charge
to patrons and customers of the defendant company; that annu-
ally thousands of messages are transmitted, sent and received
over the defendant company's lines by means of its said instru-
ments between persons in the state of Montana and persons in
other states and countries."

The answer further alleges:  That the defendant has paid its
property tax in Lewis and Clarke county, Montana, which in-
cludes the general tax on such instruments and other personal
property; and that compliance by the defendant with the condi-
tions upon which foreign corporations are permitted to do busi-
ness in this state creates a contract between defendant company
and this state, and the imposition of the license tax sought to
be collected in this action impairs the obligation of such con-
tract, and that the law imposing such license tax further violates
the constitution of the United States in that it denies to the de-
fendant company the equal protection of the laws.

The replication filed by the plaintiff to the affirmative defense set up in the answer admits that the defendant is engaged in the business of receiving and transmitting messages by telephone, and that it has such wires connecting the different places in Montana with points in Utah, Idaho and Wyoming, but denies that the telephone instruments belonging to the defendant company in Lewis and Clarke county are necessarily used by the patrons of such company in receiving and transmitting messages between places in Montana and places in all or any of the other states above named; and denies that such instruments, or any of them, ever have been so used.

Upon these pleadings the cause came on for trial before the court sitting without a jury, and, after having heard the proofs of the respective parties, the court made certain findings of fact and conclusions of law. Findings 6 and 9 only are material here. They are as follows:

"(6) That for the transaction of its business the defendant company has *many* instruments in Lewis and Clarke county in the state of Montana, and in the other states above named, and said instruments are arranged for use and *some* are necessarily used by said company and its customers in receiving and transmitting messages from and to places in Montana, and between the county of Lewis and Clarke and all of the states into and through which defendant's lines extend."

"(9) That the instruments of the defendant company which are used exclusively in business within the state of Montana, if any there are, cannot be separated or discriminated from its instruments used in interstate business; nor does Political Code, Section 4071, Subdivision 2, as amended, make such discrimination or separation, but imposes the license tax upon each telephone instrument in use without limiting the license tax upon instruments used exclusively in local or intrastate business."

A consideration of the pleadings in this case discloses the fact that the state claims, and the defendant company admits, that during the several years mentioned in the pleadings the defendant company had used, operated and leased to its patrons in Lewis and Clarke county, Montana, the number of telephone

instruments claimed by the plaintiff for which it sought to collect the license tax. The gist of the defendant's affirmative answer is that it has *many* instruments in Lewis and Clarke county, Montana, which are connected by means of its wires with places in Utah, Idaho and Wyoming, over which many messages are transmitted annually, and that such instruments and wires, and the poles to which such wires are attached, are necessary instrumentalities by which the defendant company conducts its business, and that such business is interstate commerce. Nowhere in the answer are the instruments, which the defendant claims it is using in transmitting messages from Lewis and Clarke county to points outside of Montana, identified as the particular instruments which the plaintiff in its complaint charges are in use in Lewis and Clarke county. For aught that can be determined from the pleadings in this case, the defendant company has the number of instruments for which the state seeks to collect license, and also the instruments designated in the defendant's answer, which it is using in its interstate commerce business.

If it be urged that the lower court did not find upon the question of the number of instruments in use in Lewis and Clarke county, it is sufficient to say that a court need not expressly find a fact stated in the pleadings of one party and not denied by the other. A fact admitted by the pleadings will be treated as found in accordance with these admissions. (*In re Doyle's Estate,* 73 Cal. 564, 15 Pac. 125.) Presumably the lower court assumed that the instruments mentioned in plaintiff's complaint and those mentioned in the defendant's affirmative defense are identical, and disposed of the case by holding that under Section 4071, above, as amended, the imposition of the license tax was an interference with and regulation of interstate commerce; and it is therefore unnecessary for us to say whether or not, upon the pleadings, the plaintiff was entitled to judgment. Assuming, as the lower court evidently did, that the instruments are identical; does Section 4071, above, as amended, seek to regulate interstate commerce, and to that extent contravene the provisions of Section 8 of Article I of the Constitution of the

United States, which grants to congress the exclusive power to regulate commerce with foreign nations and among the several states and with Indian tribes? Finding No. 9 declares that the instruments of the defendant company which are used exclusively for business done within the state (if any there are) cannot be separated or discriminated from those used in interstate business.

1. In view of this finding, the first question to be resolved is this: Upon whom is the burden of making such separation or discrimination imposed, under the pleadings in this case? The complaint charges that the instruments for which it is sought to collect license are used by the defendant company in conducting its business in Lewis and Clarke county, Montana, and these allegations are admitted in the answer. The answer then sets forth the defendant's affirmative defense to the effect that such instruments (assuming that they are the identical instruments mentioned in the complaint), *or many of them,* are used in transmitting and receiving messages between points in Lewis and Clarke county and points in the other states mentioned,—in other words, are used in interstate business, and are, for that reason, exempt from the operation of the law. Section 3145 of the Code of Civil Procedure provides: "Each party must prove his own affirmative allegations. Evidence need not be given in support of a negative allegation, except when such negative allegation is an essential part of the statement of the right or title on which the cause of action is founded, nor even in such case when the allegation is a denial of the existence of a document, the custody of which belongs to the opposite party." (*Wilson* v. *California Central Railroad Co.,* 94 Cal. 172, 29 Pac. 861, 17 L. R. A. 685.) In *Moore* v. *City of Eufaula,* 97 Ala. 673, 11 South. 922, it is said: "To present a defense, it (the answer) should aver facts to show that the messages transmitted were in the interest of interstate commerce or in obedience to governmental orders, and that the office or place of business in the city of Eufaula was kept and used for these purposes only."

It will be observed that the license tax is imposed upon the

instruments in use by the defendant company in Lewis and Clarke county, Montana, and, if the defendant desires to show that any or all of such instruments are exempt from the operation of this law by reason of the fact that they are used in interstate commerce, the burden is upon it to make such showing, and therefore the first portion of finding No. 9 amounts only to this: that the defendant, upon the trial, failed to furnish proof sufficient to enable the trial court to determine this fact.

2.   Finding No. 9 further declares that Section 4071 above does not separate or discriminate between instruments used in interstate from those used in intrastate business, but imposes the license tax upon each telephone instrument in use, without limiting the license tax upon instruments used exclusively in local or intrastate business.   This should more properly be designated a conclusion of law; but, in any event, it calls for the decision of this court as to its correctness.

It will be observed that the language in Section 4071 above is:   "Every person, corporation or association doing business *in this state*   \*   \*   \*   must pay a license   \*   \*   \*."   The allegations of the complaint fairly bring the case within the terms of this statute.   It is to be presumed that in enacting Section 4071 above, and in using therein the terms *"doing business in this state,"* the legislature did so in view of the constitutional provision conferring upon congress the sole power to regulate interstate commerce, and it will not be implied that it intended to go beyond its lawful powers, in the absence of express statutory terms directly contravening those provisions.   In *State ex rel. Beek* v. *Wagener,* 77 Minn. 483, 80 N. W. 633, 778, 1134, 46 L. R. A. 442, 77 Am. St. Rep. 681, it is said:   "And it may further be observed that the statute does not in terms apply to interstate business, and it will not be implied that the legislature intended to go beyond its lawful powers in enacting it.   If, therefore, it be held that the legislature could not forbid one to engage in the business of a commission merchant, as to interstate shipments, without compliance with the provisions of the state statute, such statute should be construed to apply only to local or domestic business, and such construction will be followed by

the federal courts." In *Osborne* v. *State,* 33 Fla. 162, 14 South. 588, 25 L. R. A. 120, 39 Am. St. Rep. 99, the court said: "That the commerce clause of the constitution exempts from the burden of state taxation those who confine themselves to interstate commerce is a truth of which, at this day, knowledge must be imputed to the lawmaking power of the states, and, in the absence of language that clearly connects such an intent with that power, it should not be held that there was a purpose to ignore such truth or violate its principles." Sutherland on Statutory Construction (Section 333) states the rule thus: "It is presumed that the legislature is acquainted with law; that it has knowledge of the state of it upon the subjects upon which it legislates; that it is informed of previous legislation and the construction it has received." In *Commonwealth* v. *Gagne,* 153 Mass. 205, 26 N. E. 449, 10 L. R. A. 443, the supreme court of Massachusetts says: "A law which is unconstitutional within certain limitations, if in terms it exceeds or fails to notice those limitations, may yet be entirely operative within its legitimate sphere, and properly held to have the application which thus confines it. Indeed, where two governments, like those of the United States and the commonwealth, exercise their authority within the same territory and over the same citizens, the legislation of that which, as to certain subjects, is subordinate, should be construed with reference to the powers and authority of the superior government, and not be deemed as invading them, unless such construction is absolutely demanded."

It cannot be said that the language used in Section 4071, above, expresses any intention on the part of the legislature to transgress the provisions of the constitution above referred to, and no presumption of that kind will be indulged. (*Gillette* v. *Hibbard,* 3 Mont. 412.)

3. In *Osborne* v. *State,* above, the supreme court of Florida had under consideration the construction of a statute similar in its terms to the one now before this court. The Florida statute provided: "All express companies doing business *in this state,* shall pay  *  *  *  a license tax,  *  *  *" (Laws 1893, c. 4115), and in an elaborate opinion it was held that the statute

was intended to and did apply only to business done within the state of Florida, and had no application whatever to business done between the states, and therefore the statute did not seek to regulate interstate commerce. On appeal to the supreme court of the United States this decision was affirmed. (164 U. S. 650, 17 Sup. Ct. 214, 41 L. Ed. 586.) The same question came before the supreme court of Utah in *Ogden City* v. *Crossman,* 17 Utah, 66, 53 Pac. 985. There an ordinance of the city of Ogden provided, among other things, that "every person or corporation who shall operate and maintain in Ogden City any · telephone instrument for which a rental charge is made, shall pay an annual license fee of five dollars for each instrument so used." It was claimed on the part of the defendant that the ordinance was unconstitutional in that it was an interference with the interstate commerce law. Upon that the supreme court said: "It is evident that the ordinance was not intended to and does not apply to or affect in any manner the business of the defendant corporation which is interstate in its character, and that such ordinance was intended to and does apply to and affect only the local business of said defendant company done within Ogden City, as shown from the rental of the instruments for use in Ogden City alone. By engaging in a business of operating and maintaining such telephones in Ogden City, and making and receiving a rental charge for the use of the instruments therein, and for no other place, it became amenable to the ordinance. A business done wholly within a city is within the taxing power of the city. The defendant corporation is not exempt from the operation of the ordinance and the payment of a license upon its instruments or business which arises and is conducted wholly within Ogden City, even though at the same time the defendant corporation may do a business or use its instruments in Ogden City for business which is in part interstate in its character. We are of the opinion that the ordinance does not affect or apply to this latter class of business, which is interstate in its character." To the same effect are the decisions in the following cases: *Moore* v. *City of Eufaula,* 97 Ala. 673, 11 South. 921; *State* v. *Wagener,* 77 Minn. 483, 80 N. W. 633, 778, 1134,

46 L. R. A. 442, 77 Am. St. Rep. 681; *Railroad Co.* v. *Harris,* 99 Tenn. 684, 43 S. W. 115, 53 L. R. A. 921; *People* v. *Roberts* (Sup.), 55 N. Y. Supp. 950.

We are not unmindful of the seeming conflict between the views here expressed and expressions found in the decisions in *Leloup* v. *Port of Mobile,* 127 U. S. 640, 8 Sup. Ct. 1380, 32 L. Ed. 311, and *Crutcher* v. *Kentucky,* 141 U. S. 47, 11 Sup. Ct. 851, 35 L. Ed. 645, cited by respondent. But, as was said in *Osborne* v. *State,* above: "Those expressions are to be viewed with reference to the circumstances under which the supreme court of the United States was then speaking. The state courts which it was reviewing had each declared, in effect, that these statutes were binding upon and effectual as to companies as doers of interstate business, or, in other words, were a bar to their doing interstate business without having complied with their requirements. This construction has become, in so far as the federal tribunals were concerned, binding upon the federal court as to the effect of each statute within the state enacting it, as much as if it had been expressly stated in the act."

While there appears to be some conflict in the authorities, we are satisfied that the best-considered cases fully sustain the views herein expressed.

Our conclusion therefore is that the evident intention of the legislature in passing Section 4071, above, was to impose the license tax of 75 cents on each telephone instrument used in purely local or intrastate business, and that as to instruments used in interstate business it was intended to have no application whatever. Under the pleadings in this case, the burden of proof was clearly upon the defendant company to show how many, if any, of its instruments are used in interstate commerce, and the district court erred, first, in holding that the burden of proof of such fact was upon the state, and, second, that the statute failed to make any discrimination, but imposed the license tax indiscriminately upon the instruments used in interstate business as well as upon those used in local business.

For these reasons, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Rehearing denied February 12, 1903.

